IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 07-30160-GPM |
| | ) |
| DEANTREZ SNIDER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendant Deantrez Snider filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 35). In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Snider on his motion (Doc. 36). Appointed counsel now moves to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 39). *See Anders v. California*, 386 U.S. 738, 744 (1967).

On September 22, 2008, Snider was sentenced to 77 months imprisonment for possession with intent to distribute 5 grams or more of crack cocaine. His guideline range was 77 to 96 months, which was calculated using the 2007 amendments to the crack cocaine guideline. Snider now asks for an additional sentence reduction under Amendments 706 and 711 to the United States Sentencing Guidelines.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

      Snider is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. At Snider's sentencing, the Court applied the retroactive guideline amendment. The Court did not sentence Snider based on a sentencing range that subsequently was lowered; it actually sentenced him based on the lower range. It is well-settled that this Court is not authorized to sentence Snider below the amended guideline range. *See Dillon v. United States*, 130 S. Ct. 2683 (2010); *see also United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied* 129 S. Ct. 2826 and 129 S. Ct. 2840 (2009). Snider's arguments that his criminal history category calculation substantially over-

represents the seriousness of his criminal history and that the Court erred in failing to recommend a drug treatment program are non-starters under § 3582(c)(2).

Accordingly, the motion for a sentence reduction (Doc. 35) is **DISMISSED** for lack of jurisdiction. The motion to withdraw (Doc. 39) is **GRANTED**, and Attorney Steven C. Williams and the Office of the Federal Public Defender are **withdrawn** from their representation of Snider in this matter. The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant Deantrez Snider, #07947-025, FCI Memphis, Federal Correctional Institution, P.O. Box 34550, Memphis, TN 38184-0550.

**IT IS SO ORDERED.**

DATED:  12/28/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge